NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2326
_____

UNITED STATES OF AMERICA

v.

ANIBAL PERALTE,
a/k/a Aniba Meriza

ANIBAL PERALTE,
                              Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-10-cr-00227-001)
District Judge:  Honorable William W. Caldwell
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 24, 2012

Before:  McKEE, *Chief Judge*, FISHER and GREENAWAY, JR., *Circuit Judges*.

(Filed: February 28, 2012 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Anibal Peralte appeals from the judgment of conviction and sentence entered in

the United States District Court for the Middle District of Pennsylvania.  Counsel for

Peralte, pursuant to *Anders v. California*, 386 U.S. 738 (1966), filed an *Anders* brief explaining in detail that there are no non-frivolous issues on appeal. Counsel has additionally filed a motion with this Court seeking leave to withdraw. Peralte did not file a response to Counsel's brief and motion.

For the reasons discussed below, we will affirm the judgment of the District Court and grant defense counsel's motion to withdraw.

**I.**

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On July 28, 2010, Peralte was arrested by agents of the Drug Enforcement Administration. A two-count federal indictment followed. Count 1 charged Peralte with distribution and possession with intent to distribute heroin and cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1). Count 2 charged Peralte with illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2), as well as 6 U.S.C. § 202(3) – (4), and § 557. On November 5, 2010, pursuant to a plea agreement, Peralte pled guilty to both counts. Paragraph 22 of the plea agreement specified that Peralte waived his "right to appeal any conviction and sentence . . . on any and all grounds set forth in [18 U.S.C. § 3742] or any other grounds, constitutional or non-constitutional[.]" The waiver provision also precluded his right to collateral appeal under 28 U.S.C. § 2255.

At sentencing on May 3, 2011, the District Court identified the applicable Sentencing Guidelines range as 57 to 71 months' imprisonment. The District Court denied Peralte's motion for a downward "safety valve" adjustment based on U.S.S.G. § 5C1.2, but granted a variance to eliminate any sentencing disparity that might have been caused by the lack of a "fast-track program" that is sometimes available in immigration cases. As a result, Peralte was sentenced to serve concurrent sentences of 51 months on Count 1 and 24 months on Count 2. He timely appealed.

**II.**

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

Pursuant to *Anders*, counsel may seek to withdraw representation if, after reviewing the District Court's record, he or she is "persuaded that the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a); *see United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001) ("Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines the Supreme Court promulgated in *Anders* . . . ."). We exercise plenary review in determining whether any non-frivolous arguments remain. *See Penson v. Ohio*, 488 U.S. 75, 82-84 & n.6 (1988). To grant counsel's request, we must be satisfied that counsel "has thoroughly scoured the record in search of appealable issues and . . . explain[ed] why the issues are frivolous." *United States v. Coleman*, 575 F.3d 316, 319 (3d Cir. 2009) (internal quotation marks and citation omitted). Our "inquiry when

3

counsel submits an *Anders* brief is thus twofold: (1) whether counsel adequately fulfilled the . . . requirements [of 3d Cir. L.A.R. 109.2(a)]; and (2) whether an independent review of the record presents any nonfrivolous issues." *Youla,* 241 F.3d at 300 (citation omitted). If we determine that "the Anders brief initially appears adequate on its face," the second step of our inquiry is "guided . . . by the *Anders* brief itself." *Id*. at 301 (quotation marks and citation omitted).

## III.

Counsel for Peralte identified three potential issues for appeal: (1) the District Court's denial of a two-level safety valve adjustment pursuant to U.S.S.G. § 5C1.2(a)(5); (2) the sufficiency of the evidence supporting Peralte's plea of guilty on both charges; and (3) the validity of Peralte's appellate waiver. Counsel ultimately concluded that each issue is frivolous, and our independent review leads us to the same conclusion.

The third issue is dispositive; if Peralte's appellate waiver is valid, then he has waived his right to appeal on "any" grounds, including the sentencing and sufficiency of the evidence issues. The seminal case governing appellate waivers in this Court is *United States v. Khattak*, 273 F.3d 557 (3d Cir. 2001). Under *Khattak*, appellate waivers are valid "if entered into knowingly and voluntarily, unless they work a miscarriage of justice." *Id*. at 558. Even "the most basic rights of criminal defendants are . . . subject to waiver." *Peretz v. United States*, 501 U.S. 923, 936 (1991); *Khattak*, 273 F.3d at 561.

4

Pursuant to his plea agreement, Peralte comprehensively waived his rights, pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 2255, to a direct or collateral appeal.

To determine whether the waiver was knowing and voluntary, we "look to the colloquy between the sentencing judge and [the defendant,]" *United States v. Price*, 558 F.3d 270, 284 (3d Cir. 2009) (quoting *United States v. Gwinnett*, 483 F.3d 200, 204 (3d Cir. 2007)), and examine whether the sentencing judge complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure. *See United States v. Jackson*, 523 F.3d 234, 243 (3d Cir. 2008). Rule 11 provides that:

> "Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence."

Fed. R. Crim. Pro. 11(b)(1). Additionally, the court "must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in the plea agreement)." *Id*. at 11(b)(2).

In the case at bar, the sentencing judge complied with the requirements of Rule 11. Through the aid of an interpreter, the District Court found that Peralte understood the effects of the plea agreement and appellate waiver and voluntarily pled guilty. Based on the record, we find that the District Court's colloquy was thorough and proper, and agree with the District Court's finding that Peralte's appellate waiver was knowing and voluntary. *See Jackson*, 523 F.3d at 243.

5

Furthermore, nothing in the record indicates that enforcing the appellate waiver in this case would constitute a "miscarriage of justice." *Khattak*, 273 F.3d at 558. Peralte's situation simply does not present the type of "unusual circumstance" which could amount to a miscarriage of justice, such as "if the sentence was . . . imposed in excess of the maximum penalty provided by law or . . . based on a constitutionally impermissible factor such as race." *Khattak*, 273 F.3d at 562 (internal quotation marks and citation omitted).

## IV.

For the reasons set forth above, we will affirm the judgment of the District Court and grant defense counsel's motion to withdraw. Additionally, pursuant to Third Circuit Local Appellate Rule 109.2(b), we certify that the present appeal "lack[s] legal merit for purposes of counsel filing a petition for writ of certiorari in the Supreme Court."

6